JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Stanley Goldfarb, M.D.

### DEFENDANTS
Harrison A. Kalodimos, M.D.

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David S. Senoff, Esq., First Law Strategy Group, LLC 121 S. Broad St., Ste. 300, Phila., PA 19107

Attorneys *(If Known)*
Daniel S. Bernheim, 3d, Esq., Wilentz Goldman & Spitzer, Two Penn Center, Ste. 910, Phila., PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [x] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, and 1446

Brief description of cause:
Defamation/Libel and Invasion of False Light Invasion of Privacy

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: Nov 13, 2020

SIGNATURE OF ATTORNEY OF RECORD: /s/ David S. Senoff

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STANLEY GOLDFARB, M.D. | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | OF PHILADELPHIA COUNTY, PA |
| | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | MAY TERM, 2020 |
| HARRISON A. KALODIMOS, M.D. | : | NO. 01785 |
| Defendant. | : | |
| | : | MAJOR NON-JURY |

## NOTICE OF REMOVAL

Defendant, Harrison A. Kalodimos, M.D. ("Dr. Kalodimos"), hereby gives notice of the removal of the civil action captioned, *Stanley Goldfarb, M.D. v. Harrison A. Kalodimos, M.D.*, May Term, 2020, No. 01785, from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. This Notice of Removal is filed pursuant to 28 U.S.C. §§1441(a) and 1446. As grounds for removal, the removing Defendant states as follows:

1. The present civil action was commenced by Plaintiff, Stanley Goldfarb, M.D. ("Plaintiff" or "Dr. Goldfarb"), on May 28, 2020, by filing a Writ of Summons in the Court of Common Pleas, Philadelphia County, Pennsylvania. A true and correct copy of the Writ is attached hereto as Exhibit A.

2. Plaintiff filed a Complaint on or about October 20, 2020, at true and correct copy of which is attached hereto as Exhibit B.

3. The docket reflects that Dr. Kalodimos was served with Plaintiff's Complaint on or about October 24, 2020, via Certified Mail, return receipt requested, at his home located at 3874 Scott Lane, Gig Harbor, WA 98335.

4. A true and correct copy of the Philadelphia Action docket is attached hereto as Exhibit C.

5. On November 2, 2020, the Common Pleas Court entered a Case Management Order, a true and correct copy of which is attached hereto as Exhibit D.

6. The Complaint, filed on October 20, 2020, and served on October 24, 2020, was an initial pleading for purposes of §1446(b) and was the first pleading, motion, order or other paper from which it could be ascertained that the action was removable.  *See, e.g., Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005) (holding "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b)").

7. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 in that the real parties which are not fraudulently joined or nominal parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the Philadelphia Action docket is attached hereto as Exhibit C, and true and correct copies of all process, pleadings and orders received by Defendant are attached hereto as Exhibits A through D.

**<u>This Notice is Timely Filed in Accordance With § 1446</u>**

9. This Notice of Removal is timely because it is filed within thirty (30) days of the date on which removing defendant, Dr. Kalodimos, received an initial pleading, motion, order or other paper from which it could be ascertained that the action was removable.  28 U.S.C. § 1446(b).

10. Further, this Notice of Removal is being filed within one year of the commencement of this action by plaintiff on May 28, 2020.  28 U.S.C. § 1446(b).

**Diversity of Citizenship**

11. As set forth more fully below, complete diversity of citizenship exists between the Plaintiff and the Defendant.

12. This diversity of citizenship existed at the time this action was commenced on May 28, 2020, and continues to the time of the filing of this Notice of Removal.

13. It is believed and therefor averred that at the time this action was commenced, at the time Plaintiff's Complaint was filed, and at the time this Notice of Removal is being filed, Plaintiff was and is a citizen of the Commonwealth of Pennsylvania, residing at 801 Muirfield Road, Bryn Mawr, Pennsylvania 19010. *See* Docket, Ex. C.

14. At the time this action was commenced, at the time Plaintiff's Complaint was filed, and at the time this Notice of Removal is being filed, Defendant was and is a citizen of the State of Washington, residing at 3874 Scott Lane, Gig Harbor, Washington 98335. *See* Docket, Ex. C.

15. "A natural person is deemed to be a citizen of the state where he is domiciled." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citations omitted).

16. There is and has been, since the date Plaintiff commenced this civil action, complete diversity of citizenship between Plaintiff (a citizen of the Commonwealth of Pennsylvania) and Defendant (a citizen of the State of Washington).

**Amount in Controversy**

17. A reasonable reading of the Plaintiff's claims as set forth in the Complaint demonstrates that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

18. Specifically, Plaintiff has alleged that as a result of Defendant's alleged false written statements, knowing and/or reckless conduct, and willful and malicious defamation:

    (a) Plaintiff was injured in his business trade and/or profession;

(b) Criminal behavior has been "imputed" to Plaintiff;

(c) "Plaintiff has suffered irreparable damage to his reputation, as well as embarrassment and humiliation[;]"

(d) Others have been lead to believe that Plaintiff "was unprofessional, a liar, and that he was shielding the University of Pennsylvania from accusations of sexual harassment and racial discrimination[;]" and

(e) Plaintiff has suffered "loss of credibility as a professor of medicine and as a physician[,]" among other unspecified damages.

*See* Complaint, Ex. B, at ¶¶ 53-56, 59, 62.

19. Plaintiff has alleged knowing, intentional, malicious, reckless, and willful conduct by Defendant, *see id.* at ¶¶ 53-56, 59, 62, for which he seeks actual damages in excess of $50,000.00, plus attorney's fees and exemplary and punitive damages. *Id.* at pp. 12-13.

20. In determining the amount in controversy, the Court must first look to the complaint to assess the damages demanded by the plaintiff. If the complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim. The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993); *see* 28 U.S.C. § 1446(c); *Tuckey v. Intermatic, Inc.*, 2014 U.S. Dist. LEXIS 8952, *6-7 (M.D. Pa. Jan. 24, 2014).

21. Where a plaintiff has not specifically demanded a sum in excess of the jurisdictional limits in the initial pleading, removal of the action is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdiction threshold. 28 U.S.C. § 1446(c)(2)(B).

22. Notwithstanding Defendant's contest thereof, considering the nature of Plaintiff's claimed damages and the claimed economic impact of the conduct alleged, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

23. Therefore, as to said claims and causes of action of Plaintiff, jurisdiction is vested in this Court and Defendant is entitled to removal. 28 U.S.C. §§ 1332 and 1441.

24. Venue is properly laid in this district pursuant to 28 U.S.C. § 1441(a).[1]

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, the only other party to this action, and a certified copy will be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) based on the complete diversity of citizenship between the Plaintiff and the Defendant, and removal pursuant to 28 U.S.C. § 1441(a) is appropriate.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Date:  November 12, 2020         BY:  *Daniel S. Bernheim*
                                       Daniel S. Bernheim, 3d, Esquire
                                       Katherine A. Hopkins, Esquire
                                       Identification Nos. 32736 & 314327
                                       Two Penn Center Plaza, Suite 910
                                       Philadelphia, PA 19102
                                       Phone: 215-636-4468
                                       Fax: 215-636-3999
                                       dbernheim@wilentz.com
                                       khopkins@wilentz.com
                                       Counsel for Defendant,
                                       Harrison A. Kalodimos, M.D.

---

[1] Defendant does not concede that this court has personal jurisdiction over the Defendant or that venue in Pennsylvania is proper.  Defendant merely acknowledges that under 28 U.S.C. § 1441(a), this is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a).